IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EARVIN EALY,
Inmate No. R33776,
     Plaintiff,

vs.                        Case No.:  5:15cv305/MMP/EMT

CCA, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Leave to proceed in forma pauperis has been granted (ECF No. 4).

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), sues the FDOC, Corrections Corporation of America ("CCA") (which contracted with the FDOC to operate Graceville Correctional Facility at the time of the events giving rise to this action), and thirteen individuals as Defendants (ECF No. 1 at 1–4).  He alleges eleven separate "incidents" that occurred during the period from December of 2011 to August of 2013, in which Defendants allegedly violated the First Amendment, the Eighth Amendment, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and state tort law (ECF No. 1 at 9–28).  Plaintiff seeks monetary damages and unspecified equitable relief (*id.* at 28).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R.

Civ. P. 72(b). Upon consideration, for the reasons given below, the court recommends that this action be dismissed.

Because Plaintiff was a prisoner when he commenced this action and is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished but recognized for persuasive authority) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence

of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and

recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).   Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit.   *See* Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* ECF No. 1 at 5–9).   Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 6).   Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "Yes," and then identified Ealy v. Geo Group, et al., Case No. 5:12cv205/MMP/CJK filed in this district court (*id.*).   Plaintiff also identified the following cases in Section IV:   (1) Ealy v. CCA, et al., Case No. 5:15cv160/MMP/GRJ, filed in this district court; (2) Ealy v. Geo Group, et al. and another case filed in this district court in 2013; and (3) Ealy v. Geo et al., Case No. 1414199, filed in the Eleventh Circuit Court of Appeals (*id.* at 5–8).   At the conclusion of Section IV, Plaintiff stated, "I have cited all cases I am aware of.  I am legally blind and therefore unable to read and write." (*id.* at 8).   At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the

form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id*. at 28).

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in this case, November 17, 2015, he previously filed Ealy v. FDOC, et al., Case No. 5:14cv151/RV/CJK in this federal court. *See id.*, Complaint (N.D. Fla. June 23, 2014).[1]  Plaintiff was an inmate of the FDOC (housed at the same institution he is currently housed, Columbia Correctional Institution Annex) at the time he filed his complaint in that case. *See id.* Plaintiff alleged five separate "incidents" that occurred at Graceville Correctional Facility during the period from May of 2011 to August of 2013, in which the defendants allegedly violated the Eighth Amendment, the ADA, the Rehabilitation Act, and state tort law. *See id.*  Plaintiff did not identify or otherwise disclose Case No. 5:14cv151/RV/CJK in any part of his Complaint (*see* ECF No. 1), even though the case qualified as a federal court action that was responsive to Question C, and thus should have been included in Plaintiff's answer to that question.

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[2]  *See* Spires v. Taylor, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000).  The information on the form also assists the court in determining whether the

---

[1] The inmate number of the plaintiff in that case is #R33776, the same as Plaintiff's (*see* ECF No. 1 at 1, 2).

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera, 144 F.3d at 726.

action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff.  This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff knew that accurate disclosure of his litigation history was required and that dismissal of the instant action may result from any untruthful answers to the questions in Section IV of the complaint form.[3]  Yet Plaintiff failed to disclose his litigation history as required.  Plaintiff's allegation that he was not aware of any other cases is implausible, given that less than one month prior to Plaintiff's filing his complaint in the instant case, he filed a third amended complaint in Case No. 5:14cv151/RV/CJK (*see* ECF No. 47 in Case No. 5:14cv151/RV/CJK).  Additionally, he filed a response to the defendants' motion to dismiss in that case (Plaintiff titled the

_____

[3] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 5).

document "Motion in Opposition to Defendants' Motion to Dismiss") just twelve (12) days prior to filing the complaint in the instant case (*see* ECF No. 52 in Case No. 5:14cv151/RV/CJK).  Further, on October 1, 2015, just six weeks prior to Plaintiff's filing his complaint in the instant case, this district court dismissed <u>Ealy v. CCA, et al.</u>, Case No. 5:15cv160/MMP/GRJ, as malicious for Plaintiff's failure to disclose Case No.5:14cv151/RV/CJK, the very same case he failed to disclose in this case. Plaintiff even acknowledged in the instant case that Case No. 5:15cv160/MMP/GRJ was dismissed as malicious (*see* ECF No. 1 at 5).  Moreover, the fact that Plaintiff is legally blind does not constitute a plausible excuse for his failure to disclose Case No. 5:14cv151/RV/CJK, since it did not inhibit his ability to identify his other cases on the complaint form.

If Plaintiff suffered no penalty for his untruthful response to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

is to dismiss this cause without prejudice.[4, 5]  *See* <u>Rivera</u>, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Spires</u>, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff is also warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.     That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.     That the clerk be directed to close this file.

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process.  *See* <u>Hood</u>, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose in his complaint, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983, the ADA, and the Rehabilitation Act is four years.  *See* <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state); <u>Everett v. Cobb Cnty. Sch. Dist.</u>, 138 F.3d 1407, 1409 (11th Cir. 1998) (four-year statute of limitations for ADA and Rehabilitation Act claims for which Florida is the forum state).  The conduct of which Plaintiff complains in all but one of his claims, i.e., "Incident 4," occurred less than four years ago; therefore, he has adequate time to initiate a new case.  As to "Incident 4," it is the same as, or sufficiently related to, a claim that Plaintiff is currently litigating in Case No. 5:14cv151/RV/CJK, i.e., "Incident 4" (*see* ECF No. 47 at 9–11 in Case No. 5:14cv151/RV/CJK); therefore, dismissing that claim without prejudice will not equate to a dismissal with prejudice.

At Pensacola, Florida, this <u>18th</u> day of December 2015.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**